
TISDALE & LENNON, LLC
Attorneys for Petitioner
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
PACNAV S.A.,

        Petitioner,

- against -

EFFIE BUSINESS CORP. & ANTUN HERMANOS,

        Respondent.
----------------------------------------X



JUDGE KARAS

06 CV 13512

ECF CASE

RECEIVED NOV 28 2006 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4

Petitioner, PACNAV S.A ("Pacnav" or "Petitioner") by and through its attorneys, Tisdale & Lennon, LLC, states as follows:

1. At all material times, Petitioner was, and is, a business entity organized under the laws of Mexico with an office and principal place of business in Mexico City.

2. At all material times, Respondent, Effie Business Corp. & Antun Hermanos ("EBC" or "Respondent") was, and is, a company organized and existing under the laws of the Dominican Republic with an office and principal place of business at Santo Domingo.

3. This is an admiralty and maritime claim within the meaning of 9(h) of the Federal Rules of Civil Procedure in that it involves a breach of a maritime contract. This case also falls within the Court's jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq.

4. The underlying dispute in this matter involves an allegation of demurrage due and payable from Respondent to Petitioner, pursuant to a Charter Party dated November 4, 2005.

5. On November 4, 2005, Pacnav fixed the M/V Atlantis Charm (hereinafter the "Vessel") with EBC via a Baltimore Form C Berth Grain Charter Party. *See* Charter Party attached to Affidavit of Kevin J. Lennon (hereafter referred to as "Lennon Affidavit") as Exhibit "1."

6. At all material times Pacnav was the Disponent Owner of the Vessel and EBC was the charterer of the Vessel.

7. In accordance with the Charter Party, the Vessel was to carry a bulk grain cargo inclusive of an additional 13,000 metric tons of bulk wheat cargo at EBC's option. The cargo loading port was to be one safe berth on the Mississippi River, not North of, but including, Baton Rogue. The cargo discharging port was to be San Pedro de Macoris, Dominican Republic.

8. Clause 35 of the Charter Party provides for arbitration in New York. The arbitration clause states:

> Any dispute between Owners and Charterers arising out of this Charter shall be arbitrated at New York in the following manner: One arbitrator is to be appointed by each of the parties hereto and a third by the two so chosen. Their decision or that of any two of them shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the court. The arbitrators shall be commercial men.

9. The Vessel loaded cargo at New Orleans, Louisiana and discharged cargo at San Pedro de Macoris, Dominican Republic. Delays caused at both loading and discharging ports resulted in demurrage[1] (c) due to Petitioner in the total sum of $124,508.13. Pacnav placed EBC on notice of the demurrage claim, via brokers, on January 6, 2006. *See* Hire Statement dated January 6, 2006 attached to Lennon Affidavit as Exhibit "2." The total demurrage claimed herein

---

[1] Demurrage is extra compensation due to a ship owner for time incurred during the voyage in excess of the allotted time set firth in the contract for completion of cargo operations.

is $54,525.68 as a result of partial payment of the outstanding demurrage claim and/or adjustment of the demurrage amount.

10. Pacnav claims against EBC herein for: (1) unpaid demurrage in the sum of $54,525.68 as provided for in Clause 13 of the Charter Party; and (2) interest from the date of the breach and legal expenses incurred in this proceeding and also the contemplated arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings. As best as can now be estimated, Pacnav expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim: | $54,525.68; |
| B. | Interest on principal claim at 6%, compounded quarterly over 3 years: | $10,676.85; |
| C. | Arbitration costs: | $5,000.00; |
| D. | Attorneys' fees: | $10,000.00. |
| **Total:** | | **$80,202.53.** |

12. Despite due demand, and a promise to remit payment, EBC has failed to pay Pacnav the amounts due and owing under the Charter Party. Thus, on June 15, 2006 Pacnav notified EBC that it had appointed Mr. Bengt Nergaard as its arbitrator in respect of all claims under the Charter Party and requested EBC to appoint its arbitrator within 20 days. *See* Letter dated June 15, 2006 attached to Lennon Affidavit as Exhibit "3."

13. Pacnav has suffered, and will continue to suffer, prejudice if EBC is not ordered to arbitrate the above-described dispute in New York.

14. Pacnav has incurred legal expenses in preparing this Petition preliminary to submitting its claims in arbitration.

15. Pacnav's claims arise under the Charter Party and thus the only proper forum for their adjudication is arbitration in New York as per Clause 35 of the Charter Party.

16. EBC's failure to nominate an arbitrator and arbitrate the dispute between the parties in is in derogation of the Charter Party arbitration clause.

17. EBC cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, EBC has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank and/or Wachovia Bank which are believed to be due and owing to the Respondent.

18. Pacnav seeks an order from this Court (i) compelling EBC to submit to New York arbitration; and (ii) directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of EBC held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over EBC and also to secure Pacnav's claim as described above.

**WHEREFORE**, Petitioner, Pacnav, prays:

A. That process in due form of law according to the practice of this Court may issue against the Respondent, EBC, citing it to appear and answer the foregoing, failing which a default judgment will be sought against EBC for the principal amount of Pacnav's claims against EBC, plus interest and reasonable attorneys and arbitration costs;

B. That this Court issue a further Order (i) compelling EBC to proceed to arbitrate Pacnav's claims in New York in accordance with the relief requested in this Petition and (ii) directing that Mr. Bengt Nergaard, an arbitrator of the Society of Maritime Arbitrators in New York, having previously been duly appointed as Pacnav's arbitrator, be permitted to arbitrate the parties' dispute as sole arbitrator as per 9 U.S.C. § 5;

C. That since EBC cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to American Express Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank which are due and owing to the Respondent, in the amount of **$80,202.53** to secure Pacnav's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Petition;

D. That this Court issue an award of costs and attorneys fees against EBC and in favor of Pacnav, incurred in bringing/maintaining the instant action;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

F. That Petitioner, Pacnav, have such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated: New York, NY
       November 28, 2006

                                  The Petitioner,
                                  PACNAV S.A.

                             By: _/s/ Kevin J. Lennon_
                                  Kevin J. Lennon (KL 5072)
                                  Lauren C. Davies (LD 1980)
                                  TISDALE & LENNON, LLC
                                  11 West 42nd Street, Suite 900
                                  New York, NY 10036
                                  (212) 354-0025
                                  (212) 869-0067 – fax
                                  Klennon@Tisdale-Lennon.com


## ATTORNEY VERIFICATION

State of Connecticut    )
                        )    ss: SOUTHPORT
County of Fairfield     )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Petitioner, PACNAV S.A. in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Petition and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Petitioner is that the Petitioner is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Petitioner and its counsel, all of which I believe to be true and accurate.

Dated: November 28, 2006
       Southport, Connecticut

_____
Lauren C. Davies

## AFFIRMATION OF SERVICE

Lauren C. Davies, an attorney duly admitted to practice before this Honorable Court, affirms as follows:  On this _____ of November, 2006, service of the foregoing Verified Petition was served on Effie Business Corporation & Antun Hermanos, Ave. Lope De Vega #46, Santo Domingo, Dominican Republic via the Clerk of the Court pursuant to Rule 4(f)(2)(C)(ii).

_____
Lauren C. Davies