**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**PACNAV S.A.,**

               **Plaintiff,**

     - against -

**EFFIE BUSINESS CORP., ET AL.,**

               **Defendants.**
------------------------------------

**06 Civ. 13512 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

    In response to the Court's Order to Show Cause why the maritime attachment in this case should not be vacated and the case dismissed without prejudice pursuant to <u>Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.</u>, 585 F.3d 58 (2d Cir. 2009) <u>cert. denied</u>, 2010 WL 182935 (U.S. Mar. 22, 2010), and <u>Hawknet, Ltd. v. Overseas Shipping Agencies</u>, 590 F.3d 87 (2d Cir. 2009), the plaintiff initially argued that it was not clear that the restrained funds were Electronic Fund Transfers ("EFTs") held by an intermediary bank.  The plaintiff has now provided documents from the garnishee banks that, the parties agree, indicate that the funds are, in fact, EFTs held by intermediary banks.  Therefore, the attached funds fall within the scope of <u>Jaldhi</u> and <u>Hawknet</u> and do not provide a basis for jurisdiction over the defendants in this case.

    The plaintiff argues that the attachments nevertheless should be maintained because an arbitration panel allegedly has

ordered the defendants to provide the plaintiff with security on the plaintiff's claims pending before the panel. The plaintiff asks this Court to either maintain the attachment or order that the defendants provide the security as ordered by the arbitration panel before the attachment is vacated. However, the issue of security on the plaintiff's claims before the arbitration panel is a matter between the parties and the arbitration panel. The status of the dispute before the arbitration panel does not affect whether this Court has jurisdiction over the defendants or the power to maintain the attachment in this case under Jaldhi and Hawknet.

The plaintiff also argues that the defendants either consented to personal jurisdiction by agreeing to a dismissal of the case without prejudice while the arbitration proceeding was pending, or forfeited a personal jurisdiction defense by making a general appearance and not raising the defense previously. In Hawknet, the Court of Appeals for the Second Circuit found that because Jaldhi overruled Winter Storm Shipping, Ltd v. TPI, 310 F.3d 263 (2d Cir. 2002), defendants cannot be faulted for failing to raise, pre-Jaldhi, a jurisdictional defense to an attachment of EFTs in the face of Winter Storm's controlling precedent. As a result, the Court of Appeals held that the defendant in Hawknet did not forfeit a jurisdictional defense by

2

failing to raise it in the district court below.  <u>Hawknet</u>, 590 F.3d at 92.

In this case, in a March 8, 2007, letter to the Court, the defendants asked the Court to "place this case into an inactive status, retaining jurisdiction, pending the outcome of arbitration." (Lennon Aff. Dec. 14, 2009, Ex. 8.)  Under the law in this Circuit at the time, the Court properly exercised quasi in rem jurisdiction over the EFTs that the plaintiff sought to attach.  The defendants did not consent to personal jurisdiction by signing the letter, but rather agreed that the Court had quasi in rem jurisdiction and agreed to a dismissal of the case without prejudice to renewal, a disposition that benefited all parties and the Court.  Now that the Court's assertion of quasi in rem jurisdiction over the attached funds has been found to be in error, the defendants cannot be faulted for agreeing to the Court's retaining jurisdiction at a time when the defendants had no jurisdictional defense under controlling law in this Circuit.

Additionally, the defendants did not forfeit any personal jurisdiction defense by appearing and not previously raising a personal jurisdiction objection.  While the defendants' counsel did file a notice of appearance, the Federal Rules of Civil Procedure do not require a special appearance and a party can

file a general appearance and object to personal jurisdiction at any time before the answer is filed or in the answer. Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972). In this case, the defendants only filed a notice of appearance so that communications could be served on that attorney; the defendants did not file an answer or a motion to dismiss and, therefore, did not forfeit a personal jurisdiction defense by failing to include it in those filings. Moreover, the defendants did not forfeit a personal jurisdiction defense by signing the letter seeking dismissal or by any other litigation conduct. Cf. Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. 1999) (defendant forfeited defense by not moving to dismiss for four years after filing answer); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (defendants forfeited defense by participating in discovery and filing motions for two and one-half years after defense was included in answer).

   Because the attachment in this case is invalid pursuant to Jaldhi and Hawknet, and because the defendants did not consent to personal jurisdiction, nor forfeit their personal jurisdiction defenses, there is no basis for jurisdiction over the defendants and the attachment must be vacated and the Complaint dismissed without prejudice. To the extent the Court has equitable power to maintain the attachment in the face of

Jaldhi and Hawknet, see Americas Bulk Transp. Ltd. v. IMT, 08 Civ. 6970, 2010 WL 1047674, at *9 (S.D.N.Y. Mar. 19, 2010), it declines to do so in this case.

## CONCLUSION

For the reasons stated above, the attachment is vacated, the Complaint is dismissed without prejudice, and the restrained funds should be released pursuant to the garnishee banks' standard procedures for dealing with funds that have been released after wrongly being attached.  The Clerk is directed to **vacate** the attachment, to **dismiss** the Complaint **without prejudice,** and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         May 18, 2010

_____
John G. Koeltl
United States District Judge